**Kimberly GRAY, Plaintiff—Appellant,**

v.

**COUNTY OF LOS ANGELES; Leroy D. Baca; Lawrence Barnes; Daniel Gordon; Edward B. Harrold, Jr.; Edward B. Harrold, Sr., Defendants—Appellees.**

No. 03–55012.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided June 22, 2004.

Martin E. Jacobs, Esq., Martin E. Jacobs, Inc., Los Angeles, CA, for Plaintiff–Appellant.

Peter E. Langsfeld, Esq., Leal & Olivas, Los Angeles, CA, for Defendants–Appellees.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM *

Kimberly Gray ("Gray") appeals the district court's grant of summary judgment in favor of Los Angeles County deputy sheriff Daniel Gordon ("Gordon"). Gray alleged that Gordon violated her civil rights by knowingly providing false information in a warrant affidavit, and brought suit under 42 U.S.C. § 1983. Because no rational trier of fact could conclude that Gordon violated Gray's civil rights, we affirm the district court's grant of summary judgment.

Ordinarily, the filing of a criminal complaint immunizes the investigating officer from liability for alleged damages because there is a presumption that the prosecutor exercised independent judgment in determining that probable cause existed to issue the arrest warrant. *Smiddy v. Varney,* 665 F.2d 261, 266 (9th Cir.1981). The presumption can be rebutted, however, by evidence that the officer presented the district attorney with information known by him to be false. *Id.* at 266–67. Therefore, in order to survive summary judgment, Gray must provide sufficient evidence to allow a rational trier of fact to conclude

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that Gordon provided the district attorney with information he knew was false.

The district court was correct in its analysis that Gray had not provided any evidence that any information in the affidavit was fabricated, or that Gordon's actions were malicious or oppressive. Even if Gray's recollection of the December 16, 1999 phone call is entirely correct, and Gordon in fact knew the whereabouts of the children as of that date, the phone call sheds no light on the veracity of the Gordon's affidavit in support of the felony complaint. Consistent with the investigating officer's incident report, the complaint alleges that Gray violated California Penal Code § 278.5(a) on or about July 1 and 2, 1999. Gordon's alleged knowledge of the children's whereabouts over five months later is irrelevant.

**AFFIRMED.**